```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| JEFFREY HUFFMAN, et al. | : |
|  | : |
| v. | : Civil Action No. DKC 2004-2833 |
|  | : |
| TOWN OF LA PLATA, et al. | : |
|  | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion by Plaintiffs to reconsider dismissal of the complaint and, alternatively, for leave to amend. The issues have been fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied.

**I. Standard of Review**

"A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002); *see also Microbix Biosystems, Inc. v. BioWhittaker, Inc.*, 184 F.Supp.2d 434, 436 (D.Md. 2000) ("A motion for reconsideration [pursuant to Fed.R.Civ.P. 59(e)] is granted only in limited circumstances."). "[T]he federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits." *White v. New Hampshire Dept. of Employment Sec.*,

455 U.S. 445, 451 (1982). A Rule 59(e) motion may be made for one of three reasons:

> (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not [previously] available . . .; or (3) to correct a clear error of law or prevent manifest injustice.

*Hill*, 277 F.3d at 708. The Fourth Circuit has also held that relief may be granted under Rule 59(e) to "correct manifest errors of . . . fact upon which judgment is based." *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996). However, "a motion to reconsider is not a license to reargue the merits or present new evidence." *Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 142 F.Supp.2d 676, 677 n.1 (D.Md. 2001) (citing *RGI, Inc. v. Unified Indus., Inc*. 963 F.2d 658 (4th Cir. 1992)). As a general rule, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 404 (4th Cir. 1998) (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2801.1 (2d ed. 1995)).

## II. Background

Plaintiffs are employees of Defendant Town of La Plata, who, until 1996, were extended coverage under the health insurance benefit plan offered by La Plata to all of its employees. In

1996, La Plata encouraged Plaintiffs, all of whom were receiving health insurance benefits from other sources in addition to La Plata, to drop their participation in La Plata's plan in exchange for additional contributions to each employee's 401(k) savings plan.  In essence, Plaintiffs were given the option either to remain covered under La Plata's plan (and, thus, remain covered under two plans), or waive La Plata's coverage and receive additional contributions from La Plata to their 401(k) plans.  Despite the superior coverage La Plata's plan offered *vis-a-vis* Plaintiffs' other plans, Plaintiffs opted out of La Plata's plan.  Between 1996 and 2002, La Plata regularly made additional contributions to Plaintiffs' respective 401(k) plans.

Beginning in October 2002, La Plata changed its health insurance policy and informed Plaintiffs "that only those employees having no other public or private insurance [were] eligible for coverage from [La Plata.]"  As a result, La Plata discontinued the practice of making additional contributions to Plaintiffs' 401(k) plans.

**III.  Analysis**

The court dismissed Plaintiffs' amended complaint, which contained claims for denial of equal protection, due process, and promissory estoppel.

3

Plaintiffs first challenge this court's dismissal of their promissory estoppel claim.  In dismissing that claim, the court found that Plaintiffs had not and could not supply the final element of a claim under state law, namely that the alleged failure to fulfill the promise causes a detriment which can only be avoided by the enforcement of the promise.  They argue that, while it might not have been reasonable to expect the Town to make payments in perpetuity to later hired employees, they did reasonably expect that the payments would continue while they remained in the Town's employ.  The court has already considered this issue.

Second, Plaintiffs contend that the court's resolution of the promissory estoppel issue somehow implicates the Contracts Clause of the United States Constitution and thus that they should be allowed to plead a breach of contract claim.

> The Contracts Clause states that "No State shall . . . pass any . . . Law impairing the Obligation of Contracts."  U.S. Const. Art. I, § 10, cl. 1.  In order to prove a violation of the Contracts Clause, a plaintiff must first prove that there is an enforceable contract that the government has impaired in some manner. *See United States Trust Co. of New York v. New Jersey*, 431 U.S. 1, 17, 97 S.Ct. 1505, 52 L.Ed.2d 92 (1977); *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 244, 98 S.Ct. 2716, 57 L.Ed.2d 727 (1978).  If there is no enforceable contract, there is no violation of the Contracts Clause. *See City of*

4

> *Charleston v. Public Service Com'n of West Virginia*, 57 F.3d 385, 391 (4th Cir. 1995).
>> If there is an enforceable contractual obligation that has been impaired, the plaintiff must prove that the impairment was substantial. *Baltimore Teachers Union v. Mayor and City Council of Baltimore*, 6 F.3d 1012, 1014-15 (4th Cir. 1993). If the impairment is substantial, the court then [must] determine if the government action giving rise to the substantial impairment was reasonable and necessary to protect an important public interest. *Id.*

*Bollech v. Charles County, Maryland*, 69 F.App'x 178, 180 (4th Cir. 2003). In discussing the promissory estoppel claim, the court noted that it is properly considered to be a quasi-contract claim, rather than a tort claim. But, in finding that Plaintiffs had not pled such a claim, the court found that they did not have a quasi-contractual right to continued payments. It follows that they have not and cannot allege a contractual right sufficient to be impaired under the Contracts Clause.[1]

---

[1] The court need not examine the immunity and statute of limitations arguments made by Defendants that might also defeat a contract based claim.

5

Moreover, it is far too late in this litigation to suggest a different cause of action.

Finally, Plaintiffs ask the court to reconsider their Equal Protection and Due Process Claims, to "revisit" the deference owed to the Town's stated public purpose, to limit the application of state law to insurers, rather than to employers that provide insurance, and to review the complaint more deferentially because Plaintiffs included more facts than might have been necessary under federal pleading standards.

The court declines to revisit issues already addressed in the initial opinion.  Moreover, the court was entitled to consider all well-pled facts, even if the complaint went beyond the minimum required to satisfy federal standards:

> "[I]f a plaintiff chooses to 'plead particulars, and they show that he has no claim, then he is out of luck - he has pleaded himself out of court.'" *Jefferson v. Ambroz*, 90 F.3d 1291, 1296 (7th Cir. 1996) (*quoting Thomas v. Farley*, 31 F.3d 557, 558-559 (7th Cir. 1994)); *see also Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995) ("More is not necessarily better under the Federal Rules; a party 'can plead himself out of court by unnecessarily alleging facts which ... demonstrate that he has no legal claim.'") *(quoting Trevino v. Union Pac. R.R.*, 916 F.2d 1230, 1234 (7th Cir. 1990)).

*Thelen v. Mass. Mut. Life Ins. Co.,* 111 F.Supp.2d 688, 691 (D.Md. 2000).

6

**IV. Conclusion**

For the foregoing reasons, Plaintiffs' motion for reconsideration and leave to amend will be denied.  A separate Order will follow.

\_\_\_\_\_/s/_____
DEBORAH K. CHASANOW
United States District Judge